IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ANDREA STAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 6:14-CV-611-ORL-37GJK |
| ) | |
| NRA GROUP, LLC. d/b/a NATIONAL ) | |
| RECOVERY AGENCY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, ANDREA STAIR, by and through her attorneys, Thomas Gibbons, Attorney At Law, and for her Complaint against the defendant, NRA GROUP, LLC. d/b/a NATIONAL RECOVERY AGENCY, the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ANDREA STAIR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Orlando, County of Orange, State of Florida.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to City of Orlando Fire Dept. EMS (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed City of Orlando Fire Dept. EMS was for ambulance services to transport Plaintiff to a hospital which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. NRA GROUP, LLC. d/b/a NATIONAL RECOVERY AGENCY, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Florida. Defendant is registered as a limited liability company in the State of Pennsylvania.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about January 24, 2014, Defendant sent Plaintiff a correspondence in an attempt to collect the debt from Plaintiff to City of Orlando Fire Dept. EMS.

15. The aforesaid correspondence was the initial communication with Plaintiff.

16. The aforesaid correspondence stated that there were a total of two accounts.

17. One account was for an amount of $970.00 and had an added amount for "costs" of $143.07. Therefore, Defendant was attempting to collect $1,113.07 on the first account.

18. The second account was for an amount of $870.00 and had an added amount for "costs" of $128.32. Therefore, Defendant was attempting to collect $998.32 on the second account.

19. In the aforementioned letter, Defendant attempted to collect a total of $271.39 in "costs".

20. Plaintiff did not make any agreement with City of Orlando Fire Dept. EMS to pay any "costs" associated with the collection of the bill for services.

21. The recovery of $271.39 in "costs" for collecting or attempting to collect the Debt is not authorized by law.

22. Upon information and belief, Defendant did not incur $271.39 in any expenses in its efforts to collect the Debt. Defendant has done nothing more than send the aforementioned letter to Plaintiff, and said correspondence was received through regular mail.

23. In its attempts to collect the debt allegedly owed by Plaintiff to the City of Orlando Fire Dept. EMS, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

> a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c. Falsely represented that services had been rendered or compensation was due and that such services and compensation may be lawfully received by a debt collector for the collection of a debt in violation of 15 U.S.C. §1692e(2)(B);

d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

24. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

25. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANDREA STAIR, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ANDREA STAIR**

By: _____
Thomas Gibbons
Attorney for Plaintiff

Dated: April 15, 2014

Thomas J. Gibbons (490334)
Thomas J. Gibbons, Attorney at Law
7262 N.W. 58TH Way
Parkland, FL  33067

Direct Dial:    (954) 798-2516
Facsimile:     (888) 418-1277
Email:  thomasjgibbons@gmail.com